2026 IL App (1st) 250554-U

FIRST DISTRICT
SECOND DIVISION
April 14, 2026

No. 1-25-0554

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | |
|---|---|
| LENORA STALLINGS, )<br><br>       Plaintiff-Appellant, )<br>)<br>          vs. )<br>)<br>SANTANDER CONSUMER USA INC., )<br>RECOVERY SERVICES LLC, and ROSE )<br>TOWING-SKOKIE, )<br>)<br>       Defendants-Appellees. ) | Appeal from the Circuit Court<br>of Cook County, Illinois<br><br>No. 23 M1 112308<br><br>Hon. Maria M. Barlow,<br>Judge Presiding |

_____

      JUSTICE ELLIS delivered the judgment of the court.
      Presiding Justice Van Tine and Justice D.B. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*: Affirmed. Appellant failed to establish any error in dismissal of fifth amendment complaint.

¶ 2    Plaintiff Lenora Stallings, acting *pro se*, filed this lawsuit over the repossession of her automobile for nonpayment. The lienholder of the car was defendant Santander Consumer USA, Inc., while the other two defendants—Recovery Services, LLC and Rose Towing-Skokie—were the parties that repossessed the vehicle.

¶ 3    Plaintiff's original complaint and the four amended complaints that followed did not identify a cause of action. But her fifth amended complaint alleged seven. The complaint gave a title to each count: (1) a due-process violation; (2) breach of contract; (3) harassment; (4)

defamation; (5) a violation of the Fair and Accurate Credit Reporting Act; (6) a violation of the Fair Debt Collection Act; and (7) conversion. In addition to these titles, each of the seven counts also purports to allege violations of the Consumer Fraud and Deceptive Practices Act. Plaintiff seeks damages in the amount of $30,000.

¶ 4   The circuit court dismissed the fifth amended complaint with prejudice under section 2-615 of the Code of Civil Procedure. See 735 ILCS 5/2-615 (West 2024). Plaintiff appeals. Unfortunately, there are severe deficiencies with her appellate brief that make our review impossible.

¶ 5   The most glaring problem is that plaintiff never claims that the circuit court erred in dismissing the complaint with prejudice. Her brief does not ever address the complaint's alleged pleading deficiencies. Nor does she argue that the court abused its discretion by not allowing her to replead the complaint for a sixth time.

¶ 6   Her statement of jurisdiction, though checking the correct box for the appropriate supreme court rule providing jurisdiction, complains that "[e]vidence was excluded in the final judgment. Exhibits & Motions filed w/case was not discussed." Her statement of facts, which never once cites the fifth amended complaint or anything else in the record on appeal, is a nearly eight-page narrative of the evidence plaintiff presumably intends to prove.

¶ 7   Her argument section similarly contains a list of grievances against defendants with the occasional sprinkle of legal conclusions. For example, she writes in her brief that, in repossessing her vehicle, defendants "violated cease & desist letter" or "[d]eprived plaintiff of due process being no computer-generated order was filed." Her brief accuses defendants of "miscommunicating 'false' 'belief' of inaccuracies to 3rd parties, the character of the plaintiff of 'refusing' to make payments on her personal business account and contract agreement with

Santander within her community."

¶ 8    We credit plaintiff, acting *pro se*, with attempting to supply this court with information. But unfortunately, there is no escaping the fact that plaintiff misses the point of this appeal.

¶ 9    When reviewing a motion to dismiss under section 2-615, our only question is whether the complaint states a viable cause of action. *Village of Kirkland v. Kirkland Properties Holdings Co., LLC I*, 2023 IL 128612, ¶ 44. We review the factual allegations of the complaint in the light most favorable to the plaintiff and ask whether any set of facts would entitle the plaintiff to relief. *Id*. At this juncture, we do not consider evidence or any other information beyond the four corners of the complaint itself. *Arora v. State Farm Fire & Casualty Co.*, 2025 IL App (2d) 240522, ¶ 31; *Neppl v. Murphy*, 316 Ill. App. 3d 581, 585 (2000); *Elson v. State Farm Fire & Casualty Co.*, 295 Ill. App. 3d 1, 6 (1998). And we will only consider well-pleaded facts, not legal conclusions. *Kirkland*, 2023 IL 128612, ¶ 44.

¶ 10    Every cause of action has elements, and the complaint must make factual allegations that satisfy each of those elements. To give but one example, to plead a claim for breach of contract, the complaint must allege that (1) the parties had a valid and enforceable contract; (2) the plaintiff substantially performed her obligations of the contract; (3) the defendant breached the contract; and (4) the plaintiff suffered damages as a result of that breach. *Id*. ¶ 46.

¶ 11    When the trial court here dismissed the complaint with prejudice, the court was ruling that the complaint failed to properly allege the elements of any stated cause of action. To convince us that the trial court was wrong, it was thus incumbent on plaintiff to explain to us that the complaint did, in fact, properly allege the elements of at least one cause of action.

¶ 12    Plaintiff has not done so. Not once in her brief does she discuss the elements of any of the seven causes of action, much less how her fifth amended complaint pleaded those elements. Nor

does plaintiff even state that the trial court should not have dismissed the complaint. She has thus forfeited any argument that the trial court erred in doing so. See *Alms v. Peoria County Election Comm'n*, 2022 IL App (4th) 220976, ¶ 28 ("Where an appellant fails to present a cogent argument, that argument is forfeited."); Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020).

¶ 13    We are sympathetic to a *pro se* litigant unschooled in the practice of law, and we are willing to go the extra mile to forgive imperfections or inartful legal discussion in a brief. But we cannot wholly create plaintiff's argument for her. We must remain neutral; we cannot be an advocate for one side or the other. See *People v. Givens*, 237 Ill. 2d 311, 328 (2010); *Tuna v. Wisner*, 2023 IL App (1st) 211327, ¶ 56. Ours is an " 'adversary system' " that depends on " 'party presentation.' " *Givens*, 237 Ill. 2d at 323, 324 (quoting *Greenlaw v. United States*, 554 U.S. 237, 243 (2008)).

¶ 14    In other words, " 'we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.' " *Id*. (quoting *Greenlaw*, 554 U.S. at 243). If we conducted the necessary research to determine the elements of these various causes of action and then searched the fairly lengthy complaint for allegations satisfying those elements, we would be abandoning our role as neutral arbiter and advocating for one side over the other.

¶ 15    Because plaintiff has made no argument that the trial court erred in dismissing the fifth amended complaint with prejudice, we have no basis to overturn the trial court's judgment. We thus affirm it.

¶ 16    Affirmed.